IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 29 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

YEMISI MODINAT LAWAL,

        Defendant.

11-CR-470-01

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

    A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

    The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On July 13, 2011, Yemisi Modinat Lawal pleaded guilty to the sole count of a single-count indictment which charged that, on June 11, 2011, the defendant used and possessed a non-immigrant visa, knowing that it was obtained by fraud, in violation of 18 U.S.C. § 1546(a).

Lawal was sentenced on September 7, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be 6 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between 0 and 6 months. The offense carried a maximum term of imprisonment of 10 years. 18 U.S.C. § 1546(a). The guidelines range of fine was from $500 to $5,000.

Lawal was sentenced to time served and 3 years' supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. *See* 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Lawal is a citizen of Nigeria. She has a strong educational background, having earned a Bachelor of Science degree in biochemistry from Lagos State University in Nigeria and completed one semester towards a Master's degree in business administration. Prior to her arrest, Lawal was working part-time as an assistant marketing manager for an oil and gas, shipping, freight forwarding and equipment leasing company in Nigeria. From 2008 to 2009 defendant volunteered as part of a youth services program at an internet profiling and branding firm in Nigeria.

Defendant's husband died in 2010. Lawal moved in with her parents in Nigeria. On June 11, 2011, defendant attempted to enter the United States with a non-immigrant visa obtained by fraud. During inspection, Lawal admitted to Customs and Border Protection officers that another individual had filled out her visa application for her and that the information on the application was false. Lawal told the officers that she simply wanted to vacation in the United States to escape the grief she suffered from losing her husband. Lawal's parents have remained supportive since her arrest.

The defendant has no known prior convictions. A sentence of time served reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in visa fraud will result in serious consequences. Specific deterrence is achieved because the defendant will be deported. It is unlikely that she will attempt to re-enter the United States without legal documentation or engage in further criminal activity in

3

light of her educational background, strong work ethic, close family ties and remorse for having broken the law.

                                                                                _____
                                                                                Jack B. Weinstein
                                                                                Senior United States District Judge

Dated: September 9, 2011
        Brooklyn, New York